**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

Dated: May 11, 2007

_____
ROBERT C. MCGUIRE
UNITED STATES BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ELSA VALLES DOMINGUEZ, | § | CASE NO. 06-31167-RCM |
| | § | |
| Debtors. | § | Chapter 13 |

### AMENDED* ORDER OVERRULING
### DEBTOR'S OBJECTION TO THE DEFICIENCY CLAIM OF GECU

On April 24, 2007, the court held a hearing on the Debtor's Objection to the Deficiency Claim Filed by Government Employees Credit Union ["GECU"] Pursuant to 11 U.S.C. § 1325(a)(9). The parties appeared through counsel and presented argument. The court took the matter under advisement at the conclusion of the hearing.

### FACTS

The parties stipulated at the hearing to the relevant facts, and the court adopts those stipulated facts. In particular, there is no dispute that the Debtor purchased a 2004 Pontiac Grand Am on August 4, 2006. GECU financed the purchase, and took a purchase money security interest in the vehicle to secure the loan. On October 23, 2006, the Debtor filed this Chapter 13 case. The vehicle was, therefore, purchased within the 910-day period preceding the filing of the case.

---

* The court amends the Order, sua sponte, to correct a typo in footnote 2.

The Debtor filed her Chapter 13 plan on October 23, 2006, also. It provides that the vehicle will be surrendered to GECU. Specifically, Debtor's Chapter 13 plan uses the approved "form" for this District and so includes, in Section VI(1)(B), "Specific Treatment for Payment of Allowed Claims–Payments to Be Made by the Debtor Directly to Creditors, Including Post-Petition Domestic Support Obligations," the following boilerplate language:

> Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C.§ 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.[1]

Following that language, the Debtor listed the Grand Am as collateral to be surrendered to GECU.[2] GECU did not object to the plan, which was confirmed on January 3, 2007.

---

[1] Under this Standing Order, the stay lifts ten days after confirmation of the plan, and the creditor has 90 days to file a deficiency claim. Here, there is no contention that GECU's proof of claim for the $11,809.84 unsecured deficiency was not filed within the 90-day period.

[2] The plan contains no statement that the vehicle will be surrendered in full satisfaction of the balance of the purchase money loan secured by it. It does expressly permit GECU to file "any unsecured deficiency claim" it may have after the surrender and foreclosure of its security interest in the vehicle. As stated above, GECU did not object to the plan, and it was confirmed on January 3, 2007. The Debtor has not sought to modify the treatment of GECU's claim set forth in Section VII (B) of their confirmed plan to change the surrender to expressly be in full satisfaction of the debt, if that were possible at this time given that the surrender and foreclosure may have happened months ago. *See* **Republic Supply Co. v. Shoaf**, 815 F.2d 1046 (5th Cir. 1987) (*res judicata* applied to a confirmed chapter 13 plan); **Sun Finance Co., Inc. v. Howard**, 972 F.2d 639 (5th Cir. 1992) (same); *but cf.* **In re Stukes**, 357 B.R. 879 (Bankr. M.D. Fla. 2006) (due to accelerated confirmation of chapter 13 plans under BAPCPA, confirmed plan had no *res judicata* effect on debtor's objection to secured creditor's claim that was heard after confirmation).
   Whatever the language of the plan, the Debtor in her Objection to the Deficiency Claim makes the argument that her confirmed plan has the effect, as a matter of law, of her surrendering the vehicle in full satisfaction of GECU's claim. The court notes that the boilerplate language in the plan allowing "any deficiency claim" to be filed after a surrender of collateral applies not just to "910 car claims" but to any collateral surrendered under that section of the plan. This fact, and the permissive nature of the provision–allowing the filing of "any" deficiency claim–may not necessarily conflict with the concept of a surrender in full satisfaction. Instead, the boilerplate language could be read only to permit the *filing* of a deficiency claim, and not address its *allowance*. For example, if the creditor takes possession and forecloses in a way that, under State law, results in forfeiture of a deficiency claim, the boilerplate language might permit the filing of that claim, but would not govern its allowance. That would be determined by an objection to claim, as was filed here. In other words, the boilerplate language applies to *all* types of collateral and may only permit the filing of a deficiency claim, but may not determine its allowance.
   The parties, however, have not addressed the issues of whether the plan's language should be construed as not providing for surrender in full satisfaction but allowing a deficiency, thus binding the Debtor, or whether it should be construed as providing for surrender in full satisfaction and thus binding GEFCU in light of its failure to object to it. Therefore, and in light of its ruling below which makes a decision on these issues unnecessary, the court declines to decide these issues at this time.

2

GECU took possession of the vehicle and foreclosed its security interest. It then filed a proof of claim for an unsecured deficiency of $11,809.84, based on the foreclosure. The Debtor objected to that claim.

## ISSUE PRESENTED

The Debtor argues that the claims should not be allowed under a recent change to the Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") governing claims filed in chapter 13 cases involving motor vehicles purchased within 910 days of the bankruptcy filing. Specifically, the Debtor asserts that this amendment to 11 U.S.C. § 1325(a) allows her to surrender to GECU the vehicle that she purchased within 910 days of her bankruptcy filing in full satisfaction of the debt she owes GECU. She asserts that the combination of 11 U.S.C. § 1325(a)(5)(C), which allows a plan to provide for surrender of collateral, and the text appearing immediately after § 1325(a)(9), which text states that § 506 no longer applies to value a motor vehicle bought within 910 days of the bankruptcy filing [called the "Hanging Paragraph"], allows the Debtor's proposed full value surrender, notwithstanding the objection of GECU. It, in turn, argues that BAPCPA did not affect the treatment of deficiency claims arising as a result of the surrender of a vehicle pursuant to a Chapter 13 plan.

## JURISDICTION

The court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. § 158(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(B) (allowance or disallowance of claims), (b)(2)(L) (confirmation of plans), and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). The following represent the court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law, and vice versa.

## DISCUSSION

Section 1325(a)(5) provides that:

> the court shall confirm a plan if . . . with respect to each allowed secured claim provided for by the plan--
> (A) the holder of such claim has accepted the plan;
> (B) (i) the plan provides that--
> (I) the holder of such claim retain the lien securing such claim until the earlier of--
> (aa) the payment of the underlying debt determined under nonbankruptcy law; or

3

      (bb) discharge under section 1328; and
    (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
  (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
  (iii) if--
    (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
    (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
(C) the debtor surrenders the property securing such claim to such holder . . ..

The Hanging Paragraph [the text immediately following § 1325(a)(9) of the Bankruptcy Code as amended under BAPCPA] states that:

> [f]or purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing . . ..

  Courts throughout the country are struggling with the correct application of this Hanging Paragraph language to motor vehicle claims when the vehicle was purchased with recourse debt within 910 days preceding the bankruptcy filing, the vehicle is surrendered pursuant to provisions of the plan, the creditor forecloses its security interest in the vehicle, and an amount remains owing. There is case law both denying and allowing the creditor the right to file a deficiency unsecured claim, with the majority having disallowed deficiency claims. *See e.g.,* **In re Osborn**, 2007 WL 542435 (B.A.P. 8th Cir.) (majority view); **In re Gentry**, 2006 WL 3392947 (Bankr. E.D. Tenn.) (same); **In re Ezell**, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) (same).

  This court, however, finds the reasoning of the minority to be the more persuasive and has sided with those courts in its recent decision in **In re Newberry**, 06-60241, docket nos. 50, 51, Judgment and Memorandum Opinion Denying Debtors' Objection to Amended Claim. *See also* **In re Zehrung**, 351 B.R. 675 (W.D. Wis. 2006); **In re Particka**, 355 B.R. 616 (Bankr. E.D.

4

Mich. 2006); **In re Clark**, 2007 WL 625272 (Bankr. N.D. Miss.). For the reasons stated in **Newberry**, the court holds that the Debtor's Objection to Deficiency Claim Filed by Government Employees Federal Credit Union in this case should be overruled, and the unsecured deficiency claim of GECU should be allowed as filed.

    IT IS SO ORDERED.

                                  # # #